IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00050-BNB

GEORGE C. MURPHY, Reg. # 101682,

    Plaintiff,

v.

BILL RITTER, Governor of Colorado,
GARY GOLDER, Director of Prisons Colorado,
ARISTEDES W. ZAVARAS, Executive Director C.D.O.C.,
ALICE MCHOL, Adams County Commissioner,
LARRY PACE, Adams County Commissioner,
SKIP FISHER, Adams County Commissioner,
PETER A. STUMPF, Adams County Deputy District Attorney,
DETECTIVE NANCY LEE, Westminster Police Dept.,
ATTORNEY PATRICK VANCE, (Deputy Public Defender), and
JANE AND/OR JOHN DOE, Any Entity, All Named Defendants in Their Official and
Individual Capacities,

    Defendants.

---

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, George C. Murphy, is in the custody of the Colorado Department of Corrections (DOC) and currently is incarcerated at the Crowley County Correctional Facility in Olney Springs, Colorado. Originally Plaintiff initiated this action on January 2, 2008, by filing a *pro se* Prisoner Complaint pursuant to 42 U.S.C. § 1983 and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. The Court entered an order on January 9, 2008, in which Plaintiff was instructed to correct deficiencies in the Complaint by stating his claims on a current Court-approved form and by naming the same Defendants in both the caption and the text of the Complaint.

On February 5, 2008, Plaintiff complied with the Court's January 9, 2008, Order, and filed an Amended Complaint. Subsequently, on February 7, 2008, Plaintiff paid the $350.00 filing fee in full.

The Court must construe the Complaint liberally because Mr. Murphy is a *pro se* litigant. **See *Haines v. Kerner*,** 404 U.S. 519, 520-21 (1972); ***Hall v. Bellmon*,** 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. **See *Hall*,** 935 F.2d at 1110. For the reasons stated below, Mr. Murphy will be ordered to file an Amended Complaint.

Mr. Murphy's claims for the most part challenge his conviction and current incarceration. In Claim Three, however, Plaintiff refers to conditions of his confinement that violate his Eighth Amendment rights. Mr. Murphy seeks money damages, return of his restitution payments, restoration of all earned time he has been denied, and an order by this Court directing the state district court to vacate and reverse the conviction in his state criminal case.

With respect to any claims that Plaintiff sets forth regarding his alleged false imprisonment, his claims for money damages are barred by the rule in ***Heck v. Humphrey*,** 512 U.S. 477 (1994). In ***Heck*,** the Supreme Court held that if a judgment for damages favorable to a prisoner in a 42 U.S.C. § 1983 action necessarily would imply the invalidity of his criminal conviction or sentence, the § 1983 action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. **See *Heck*,** 512 U.S. at 486-87.

Mr. Murphy does not allege that he has invalidated his sentence. He also does not assert that the search caused him actual, compensable injury that encompasses any injury other than the fact that he is falsely convicted and imprisoned. Therefore, the claim for damages challenging the validity of his criminal conviction is barred by **Heck**.

To the extent that Plaintiff is requesting that this Court remand his criminal case to the state district court with instructions to vacate and reverse his conviction, his sole federal remedy is a writ of habeas corpus pursuant to 28 U.S.C. § 2254, *see Preiser v. Rodriguez*, 411 U.S. 475, 504 (1973). The Court notes that Mr. Murphy currently has a § 2254 action pending in this Court in **Murphy v. Archuleta, et al.**, No. 06-cv-01899-MSK-KLM (D. Colo. filed Sept. 25, 2006), in which he is challenging the validity of the same state conviction that he attempts to challenge in the instant action.

Furthermore, Mr. Murphy does not allege how any of the named Defendants are responsible for violating his Eighth Amendment rights with respect to the conditions of his confinement. Plaintiff must assert each Defendant's personal participation in the alleged constitutional violations. Personal participation is an essential allegation in a civil rights action. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, the plaintiff must show that each defendant caused the deprivation of a federal right. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993). A named defendant may not be held liable merely because of his or her supervisory position. **See Pembaur v. City of**

3

*Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Plaintiff is instructed that "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

ORDERED that **within thirty days from the date of this Order** Mr. Murphy file an Amended Complaint that complies with the Order. It is

FURTHER ORDERED that the Amended Complaint shall be titled "Amended Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Murphy, together with a copy of this Order, two copies of the Prisoner Complaint form for use in submitting the Amended Complaint. It is

FURTHER ORDERED that Mr. Murphy submit sufficient copies of the Amended Complaint to serve each named Defendant. It is

FURTHER ORDERED that if Mr. Murphy within the time allowed fails to file an original and sufficient copies of an Amended Complaint that complies with this Order, to the Court's satisfaction, the Complaint and the action will be dismissed without further notice.

DATED April 3, 2008, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-00050-BNB

George C. Murphy
Prisoner No. 101682
Crowley County Corr. Facility
6564 State Hwy. 96
Olney Springs, CO 81062-8700

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 4/3/08

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk